UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 4:15CR187 HEA |
| | ) | |
| CHRISTOPHER HUNTER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's "Verified" Motion for Compassionate Release and or Sentence Reduction Pursuant to 18 USC § 3582(c)(1)(A), [Doc. No. 55]. For the reasons set forth below, the Motion is denied.

**Facts and Background**

The defendant was charged with Obscene Material and Possession Of Child Pornography in violation of 18 USC 2251-2, 2260 18 USC 2252(A)(S)(B) & 18 USC 2252A(B)(2) and was sentenced to Federal Prison for a term of 115 . months Pursuant to the Prison Litigation Reform Act 3559 to be followed by a (Life) term of Supervised release.

Defendant filed a request for release with the warden of his facility on March 19, 2025, which was denied on March 21, 2025. Defendant the reason for his request for early release is that he is being subjected to physical and sexual abuse in his place of incarceration. Defendant notes that he has served over 77 percent of his

sentence, that he has completed educational and rehabilitation programs while incarcerated, that he was a younger offender, and that he is not a threat to anyone or any property if released.

**Discussion**

Under Section 603(b) of the First Step Act, effective December 21, 2019, an inmate may now himself (or through his advocate) file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c). Previously, a court could only act to reduce a defendant's sentence for "extraordinary and compelling reasons" if the Director of BOP filed such a motion. As the proponent of the motion, defendant bears the burden of proving both that he has satisfied the procedural prerequisites for judicial review and "extraordinary and compelling reasons" exist to support the motion. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

In evaluating Defendant's request for reduction in sentence on its merits, 18 U.S.C. § 3582(c)(1)(A)(i) requires a court to find that "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." Any reduction must be consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). United States Sentencing Guideline § 1B1.13, which governs compassionate-release reductions, provides a specific provision for abuse/assault of defendants:

> **(4) Victim of Abuse.**--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> **(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
>
> **(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>
> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

U.S.S.G. 1B1.13.

Because Defendant filed a request for compassionate release with the warden, which was subsequently denied, he has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

The Court does not find that Defendant has met his burden of proving that extraordinary and compelling circumstances exist warranting a reduced sentence. Defendant has not attempted to file any of the conditional requirements for a compassionate release based on abuse. Although he claims prison personnel allowed the abuse by other inmates to occur, Defendant has not filed any administrative, criminal or civil proceedings to establish the abuse as required.

Likewise, Defendant's argument that he is a transgender inmate who was on hormones and has suddenly been stopped and is causing him serious medical side

effects and needs to be released to continue his medical treatment is insufficient to grant relief. Defendant does not detail any actions he took to request medical treatment and fails to present any documentation of lack of medical treatment.

Although Defendant's efforts to better himself during his incarceration are commendable, those efforts do not constitute extraordinary and compelling circumstances warranting defendant's release.

For the foregoing reasons, this Court finds that Defendant has not met his burden of proving that "extraordinary and compelling reasons" exist to support the requested sentence reduction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Verified" Motion for Compassionate Release and or Sentence Reduction Pursuant to 18 USC § 3582(c)(1)(A), [Doc. No. 55], is **DENIED**.

Dated this 29th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE